N ott, J.
1 can see no good reason why a civil action should be merged in a felony in any case, where property is involved, and the action is for the property itself. In England, a conviction for felony, works a forfeiture of property, and to suffer an action to be brought before conviction, would discourage prosecutions, and deprive the king of this part of his revenue; and, therefore, a person is not permitted to sue until after conviction. But no such *232 reason exists here, because there is no forfeiture. ' But that is not the only ground upon which. I have formed my opinion. I do not think the question ought to be tried in this collateral way ; and much less ought it to be in the defendant’s mouth, to discharge himself from the action by saying he had committed a felony. Whenever a person sets forth a good cause of action in his declaration, and supports his allegations by proof, I think he ought to recover, notwithstanding the testimony may be such as to induce a belief that the transaction is felonious. A person ought never to be convicted of a felony, except on a direct charge of a crime, and by a jury charged to try the offence. If the plaintiff had charged a felony on the face of his declaration, it would have been a question on which it is unnecessary to give any opinion at present. And yet I think he might make use of the very words of the act, and still be entitled to recover. In an action brought to try the right of property, the words of the act, may be proper words to use in the declaration. Suppose it should be proved that the defendant committed the act in a clandestine, secret manner 5 still his object might be only to get possession of property to which he had a claim, and not with a felonious intention. In an action to try the right of property, quo animo, makes no part of the case. And it is no answer, to sa.y that if the defendant has any right, he may shew it, for after the plaintiff has established his right, the defendant may be satisfied that it. is in vain to contend further. Indeed, in such a case, it would be for his interest not to do it, *233 if he might thereby give the case the appearance of felony, and non-suit the plaintiff, after having estab-fished a right to the property. I am of opinion a new trial ought to be granted.
Justices Bay, and Grimke, concurred.
Brevard, J.
I remarked to the jury, that the evidence went rather to prove a felonious and fraudulent inveigling, &c. contrary to the act of assembly, than such an enticing, as woiild furnish ground for a civil action; and that if they should be of opinion the defendant was guilty of a capital felony, within the meaning of the act of assembly, against stealing and inveigling away slaves, I give it as my opinion they could not with legal propriety find a verdict against him for damages, as the offence ought to be made the subject of a criminal prosecution, and that the civil injury was drowned in the felony. I also said that there was no great necessity for a civil action; at any rate not before conviction, if the offender could be prosecuted, inasmuch as the prosecutor could have restitution of his property after conviction, and might recover it from any one who had adverse possession. The jury found for the defendant.
Justice Colcook, concurred with Justice Bre-vard.